IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY LEE JORDAN                                                                    PLAINTIFF

v.                          Civil No. 05-2067

DEPUTY BRANHAM                                                                  DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jerry Lee Jordan, a former inmate of the Sebastian County Detention Center, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Jordan contends his constitutional rights were violated while he was an inmate of the Sebastian County Detention Center (SCDC) when Deputy Branham failed to dispense medication.

On October 28, 2005, defendant filed a motion for summary judgment (Doc. 16). By order entered on November 9, 2005 (Doc. 19), Jordan was directed to complete, sign, and return an attached questionnaire that would serve as his response to the summary judgment motion. On October 28, 2005, plaintiff's response to the court's questionnaire (Doc.20) was filed. The summary judgment motion is currently before the undersigned for issuance of this report and recommendation.

### I. BACKGROUND

Jordan was incarcerated at the SCDC from February 8, 2005, to June 22, 2005. *Plaintiff's Response* (hereinafter *Resp.*) at ¶ 1(A). He was serving a sentence for possession of methamphetamine. *Id.* at ¶ 1(B).

AO72A
(Rev. 8/82)

On March 24, 2005, Jordan was prescribed 600 mg. of Motrin (Ibuprofen) and medicated mouthwash for pain by the night shift nurse at the SCDC. *Resp.* at ¶ 2(A). Jordan was to receive this medication twice daily for his teeth. *Id.*

Medications were passed out to inmates at the SCDC four times each day: before breakfast, before lunch, before dinner, and before lights out. *Resp.* at ¶ 3. When medication is passed out at the SCDC, the inmate has to initial a log or medication sheet indicating he has received his medication. *Id.* at ¶ 18.

Jordan contends Branham did not provide him with the medication all four days that Branham worked beginning on March 24th. *Addendum* (Doc. 6) at ¶ 5(A). Jordan indicates Branham failed to provide Jordan with his medication a total of eight times in four days. *Id.* at ¶ 5(B).

On other occasions, Jordan indicates Branham passed out the medication when he felt like he wanted to. *Resp.* at ¶ 12. Jordan indicates Branham did not feel like doing his job. *Id.* at ¶ 14.

Jordan alleged Branham also signed the log. *Complaint* at p. 4. In the summary judgment questionnaire, Jordan was asked to state: if Branham signed the log; how Jordan knew he signed the log; and state whether he also signed Jordan's initials to the log. *Resp.* at ¶ 17. Jordan responded: "[H]e signed the log when he worked. SCDC has those logs becase every thing is document. I saw the log card from the night guard and I have seen him sign them before on other occassions." *Resp.* at ¶ 17.

AO72A
(Rev. 8/82)

Branham worked from 6 a.m. to 6 p.m. daily. *Resp.* at ¶ 8. Jordan indicates Branham was supposed to provide Jordan with the prescribed medication in the morning before lunch and before dinner. *Id.* at ¶ 9.

On the four days in question, Jordan got his prescribed medication twice each day from other SCDC personnel. *Resp.* at ¶ 5 & ¶ 7. He received his medication from the night shift before lights out and before breakfast. *Resp.* at ¶ 4. The longest period of time Jordan went without his Motrin and medicated mouthwash was fifteen hours. *Id.* at ¶ 10. Because he didn't get his pain medication on time, Jordan indicates he suffered from pain and discomfort. *Id.* at ¶ 11.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing*

AO72A
(Rev. 8/82)

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. DISCUSSION

Defendant has moved for summary judgment on two separate grounds. We will address each argument separately.

### *The Official Capacity Claim*

Defendant first argues he is entitled to summary judgment because he is sued in his official capacity only. Defendant points out the plaintiff has failed to indicate what capacity he has sued the defendant in and therefore under controlling law defendant argues the complaint must be construed as asserting only an official capacity claim. As there is no indication an unconstitutional county policy was the moving force behind any alleged constitutional violation, defendant maintains he is entitled to summary judgment in his favor.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v.*

*Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S. Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S. Ct. at 362.

*Gorman*, 152 F.3d at 914.

The Eighth Circuit has consistently advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). *See also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999)(In actions against officers specific pleading of individual capacity is required to put public officials on notice they will be exposed to personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)("[I]n order to sue a public official in his or her individual capacity, a plaintiff must

-5-

expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."); *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995)("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient.").

A review of the complaint and addendum in this case shows that plaintiff has failed to specifically plead whether the defendant was being sued in his official or individual capacity. However, the court has an obligation to liberally construe a pro se complaint. *Haines v. Krener*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). *See also White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)(finding pro se petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief"). In so doing, we must keep in mind that the plaintiff is without legal expertise and he prepared his own pleading. *Bracken v. Dormire*, 247 F.3d 699, 704 (8th Cir. 2001), *cert. denied*, 122 S. Ct. 302 (2001). For this reason, despite the teachings of the Eighth Circuit cases that require a plaintiff to specifically plead an individual capacity claim, we construe Jordan's complaint to be asserting both individual and official capacity claims. Moreover, in responding to the summary judgment motion, Jordan has made clear that he intended to sue the defendant in both his official capacity and his individual capacity. *Resp.* at ¶ 16.

As noted above, official capacity claims are the equivalent of claims asserted against Sebastian County. Under § 1983, a governmental entity may not be held vicariously liable for the unconstitutional acts of employees. However, a governmental entity, here Sebastian County, may be held liable for the unconstitutional acts of its officials or employees when those acts

AO72A
(Rev. 8/82)

implement or execute an unconstitutional policy or custom. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir.1998).

Thus, Sebastian County would be liable for defendants' conduct only if it had a policy or custom that caused plaintiff's injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). In the absence of a written policy, plaintiff must identify a pattern of widespread unconstitutional conduct that was so pervasive and well-settled that it had the effect of law. *See Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff must show that the County "through its deliberate conduct ... was the 'moving force' behind the injury alleged." *Brown*, 117 S. Ct. at 1388.

"[I]naction or laxness can constitute government custom if it is permanent and well settled." *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 807 (8th Cir. 1994)(citation omitted). "Such a government custom of laxness or inaction must be the moving force behind the constitutional violation." *Id.* A governmental body may also be held accountable based on a failure to train and supervise adequately under certain circumstances. *City of Canton v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).

Any suggestion of the existence of a basis to hold Sebastian County liable is wholly lacking. There is simply nothing from which we could conclude a genuine issue of fact exists as to the County's liability. Defendant is therefore entitled to summary judgment on Jordan's official capacity claims.

### *Individual Capacity--Denial of Medical Care*

Defendant also contends there is no evidence he was deliberately indifferent to Jordan's serious medical needs. For the reasons discussed below, we agree.

AO72A
(Rev. 8/82)

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708, 1719, 140 L. Ed. 2d 1043 (1998)(citation omitted). Inadequate medical care claims brought by convicted prisoners are analyzed under the Eighth Amendment's deliberate indifference standard. *See e.g., Hartsfield v. Colburn*, 371 F.3d 454, 456-457 (8th Cir. 2004). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)(*quoting Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997)). Additionally, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (*quoting Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir. 1997) (per curiam) (internal quotation and citation omitted).

In this case, Jordan was prescribed medication by the night shift nurse at the SCDC and received the prescribed medication. Taking the facts in the light most favorable to the plaintiff, there were four days, or eight doses of medication, that he did not receive during Branham's twelve hour shift. Instead, Jordan received the medication before or after Branham's shift. In Jordan's estimation, the longest period of time he went without his medication was fifteen hours.

It has been held that the occasional missed dose of medicine, without more, does not violate the Eighth Amendment. *See e.g., Zentmeyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir. 2000); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987)(inmate with heart condition missed a morning dose of medication; no showing that this was an instance of callous disregard in the face of a pressing medical emergency); *Herndon v. Whitworth*, 924 F. Supp. 1171 (N.D. Ga. 1995)(occasional missed doses of medication do not implicate the Constitution). In this case, Jordan missed no doses of medication, the doses were merely not dispensed during the defendant's shift during one four day period. There is no indication Branham's actions were taken in an effort to intentionally interfere with Jordan's medical treatment and nothing has been advanced establishing any adverse effect on Jordan's health. Furthermore, there is no indication the prescription for the medication required that the medication be dispensed at particular times as opposed to just stating it was to be dispensed twice daily.

We find no genuine issues of material fact exist as to whether Branham exhibited deliberate indifference to Jordan's serious medical needs. Jordan was seen and evaluated by the jail nurse and prescribed medication to relieve his pain. Jordan received the medication twice daily as prescribed.

### IV. CONCLUSION

I therefore recommend that defendant's motion for summary judgment be granted.

AO72A
(Rev. 8/82)

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of December 2005.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)